**Glenn Ruphert GIBSON, Plaintiff-Appellee,**

v.

**James SPALDING, Slade Gorton and Dixie Lee Ray, Defendants-Appellants.**

No. 80–3522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1981.

Decided Feb. 9, 1983.

J. Robin Hunt, Seattle, Wash., for defendants-appellants.

John B. Midgley, Seattle, Wash., for plaintiff-appellee.

Before WALLACE and TANG, Circuit Judges, and STEPHENS,* District Judge.

PER CURIAM:

Spalding, et al., appealed from an order of the district court granting a writ of

---

* Honorable Albert Lee Stephens, Jr., United States District Judge, Central District of California, sitting by designation.

habeas corpus to Gibson pursuant to 28 U.S.C. § 2254. We affirmed. 665 F.2d 863 (9th Cir.1981). The Supreme Court, 456 U.S. 968, 102 S.Ct. 2229, 72 L.Ed.2d 842 (1982), vacated our opinion and remanded for reconsideration in light of *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), and *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). We remand to the district court to do so in the first instance.

In addition, subsequent to our initial decision, the Court decided *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), which requires a federal district court to dismiss a habeas corpus petition challenging state proceedings if it contains any claim unexhausted in the state court. In the appeal of the grant of Gibson's petition to this court, Gibson raised a separate claim charging a deprivation of his sixth amendment right to effective counsel. As outlined in the facts stated in our prior decision, Gibson argues that his attorney on appeal failed to raise an objection to a jury instruction despite the fact that *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which Gibson claims invalidated the instruction, was decided four months before the rejection of Gibson's state petition by the Washington State Supreme Court. This failure to challenge the jury instruction not only laid the basis for the claim that Gibson met the cause requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), but also for the sixth amendment challenge.

We remand for a determination of whether Washington law would allow Gibson to raise his sixth amendment claim by collateral attack in the state court, and whether he did so. If not, the district court should consider whether *Rose v. Lundy* applies to this case.

VACATED AND REMANDED.